Argued and submitted April 22, reversed and remanded for reconsideration
October 28, 2009

Beverly VERMEULEN,
*Petitioner,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Respondent.*

Department of Human Services
20061677; A135953

220 P3d 93

Emily J. Kaufmann argued the cause for petitioner. With her on the briefs was Legal Aid Services of Oregon.

Carolyn Alexander, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

The issue in this case is whether claimant is eligible for Medicaid benefits. The Department of Human Services (department) determined that she is not eligible because, before applying for benefits, she had transferred her home to her grandson for no consideration. In its final order denying the claim, the department relied on an administrative rule providing that a transfer of assets for less than market value creates a disqualifying presumption that the transfer occurred in order to establish eligibility for benefits. Claimant seeks judicial review of the department's decision, arguing that the department misconstrued the applicable administrative rules in failing to consider whether she had rebutted that presumption. We agree with claimant and reverse and remand for reconsideration.

We begin with a brief overview of the applicable statutes and administrative rules to provide context for the parties' dispute. Medicaid is a federal and state health care program for low-income individuals who cannot afford health care. 42 USC § 1396-1. It is administered in Oregon by the Department of Human Services and is known as the Oregon Health Plan or the Oregon Supplemental Income Program. OAR 410-120-0000(96).

To be eligible for Medicaid benefits, a claimant must not have engaged in a "disqualifying transfer of assets" to lower the claimant's income and financial resources to meet Medicaid qualifications. OAR 461-140-0242. Relevant to the parties' dispute in this case is an administrative rule that pertains to particular types of disqualifying transfers, specifically transfers of a home. OAR 461-140-0242(1) (2006)[1] provides that "[a] transfer of an asset (including a home) by a client or the spouse of a client is a disqualifying transfer unless the requirements of at least one of the following subsections are met." There follow four exceptions, one of which is relevant to this case: "The transfer was made exclusively for purposes other than establishing eligibility or maintaining benefits." OAR 461-140-0242(1)(a).

---

[1] We refer to the version of the rules in effect at the relevant time.

The rule then describes a rebuttable presumption as to whether a transfer of assets was made for the purpose of establishing eligibility:

"If a transfer described in subsection (1)(a) of this rule is made for less than fair market value, there is a rebuttable presumption that the asset was transferred for the purpose of establishing or maintaining eligibility."

OAR 461-140-0242(3). It then sets out four ways that the presumption may be rebutted, two of which are relevant to this case:

"To rebut the presumption in section (3) of this rule, the client must present evidence other than his or her own statement and must provide to the Department the information it requests for the purpose of evaluating the purpose of the transfer. To meet the burden, it is sufficient for the client to show one of the following:

"* * * * *

"(b)    At the time of transfer, the client could not reasonably have anticipated applying for medical assistance;

"* * * * *

"(d)    Because of other, similarly convincing circumstances, it appears more likely than not that the transfer was not made, in whole or in part, for the purpose of establishing or maintaining eligibility for benefits."

OAR 461-140-0242(4).

In brief, then, if a person sells his or her home for less than market value before applying for Medicaid benefits, the sale triggers a presumption that it occurred merely to create eligibility for those benefits. A claimant may, however, rebut that presumption by proving (among other things) that he or she could not reasonably have anticipated applying for medical assistance or that the transfer was not made, in whole or in part, for the purpose of establishing eligibility. With that regulatory framework in mind, we turn to the facts of this case, which are not in dispute.

At the time of the hearing, claimant was 85 years old. She had suffered a stroke in 2001 and had stenosis and

high cholesterol for which she took medication. Still, she remained physically active, walking 25 blocks a day.

Claimant had a close relationship with her grandson, Donald, and his wife, Melissa, both of whom worked full time. They lived nearby, and claimant went to their house daily to provide child care for their children, her great-grandchildren. Claimant ate her meals with their family and would return to her own home at night.

In 2004, Donald and Melissa expressed interest in moving in with claimant so that she would not be alone and so that they could provide her with care as needed. Claimant testified that she agreed with the idea of Donald and Melissa moving in with her. Her house would need extensive remodeling, however, to accommodate the two households. Although claimant testified that she did not really understand all the details of the transfer of her home, in December 2004, claimant gave a quit claim deed to Donald and Melissa without consideration. At the time, the house was valued by the county assessor at approximately $176,000, and claimant owned it free and clear.

Donald and Melissa took out a mortgage of $186,400 on the house and had an architect draw up plans for a remodel. They did not embark on the remodel of claimant's house, however, because they were not able to sell their own house. Instead, they applied the proceeds of the loan in part to the mortgage on claimant's former house, which they now own free and clear.

In June 2006, claimant suffered another stroke and needed long-term care. On the advice of a hospital social worker, claimant submitted an application for Medicaid long-term care benefits. On her application, claimant disclosed her 2004 transfer of her house to Donald and Melissa. The department denied claimant's application on the ground that the transfer of the house for less than its fair market value disqualified her from receiving Medicaid benefits until February 2008. It is undisputed that, but for the disqualifying transfer of her home, claimant otherwise qualified for Medicaid.

In a hearing before an administrative law judge (ALJ) of the Office of Administrative Hearings, claimant took the position that, although clearly the transfer of the house triggered a presumption that the transfer occurred to create eligibility, she could rebut the presumption for either of two reasons. First, she contended, she did not know at the time of the transfer—and had no reason to know—that she would need to apply for medical assistance. Second, she contended, the circumstances of the transfer make clear that its purpose was not, in whole or in part, to create eligibility.

In support of those twin positions, claimant and other witnesses described the circumstances of the transfer of the home and claimant's motivation for deeding the property to Donald and Melissa. Melissa explained the plan to combine the two households. She testified that claimant would not have been able to afford mortgage payments herself—thus the plan for claimant to deed her house to Donald and Melissa, so that they could take out a loan to have the house remodeled. Claimant's daughter testified that claimant had never applied for any form of public assistance in the past and that the family was not familiar with Medicaid before having a conversation with the hospital social worker.

In a final order, the department upheld the denial of benefits. The ALJ explained that, under OAR 461-140-0242(3), claimant's transfer of her house in December 2004 for less than its fair market value triggered a rebuttable presumption that the house had been transferred for the purpose of establishing eligibility for Medicaid. The ALJ then concluded that claimant had failed to rebut that presumption either by showing that she reasonably could not have known that she would require medical assistance or that the transfer did not, in fact, take place in order to establish eligibility.

As to the first potential rebuttal factor, the ALJ explained:

"At the time of the transfer, claimant was 83 years of age and was suffering from high cholesterol and progressive worsening of severe lumbar stenosis. In addition, claimant had already suffered from a stroke in 2001, which left her with mild weakness in her leg. Therefore, based on her

medical condition, claimant could have reasonably anticipated applying for some type of medical assistance in the future, even if she did not know specifically about Medicaid."

As to the second rebuttal factor on which claimant relied, the ALJ explained that

"[c]laimant presented evidence that the transfer took place because Donald and Melissa Wolfe intended to remodel the home, move in with claimant and provide her with care. However, the remodel never took place. Moreover, claimant presented evidence that Donald and Melissa Wolfe both work full-time. As such, given claimant's age, high cholesterol, severe lumbar stenosis, and history of stroke, claimant could have reasonably anticipated needing **some type of medical** care during periods of time that Donald and Melissa Wolfe were at work and not available. Therefore, claimant could have reasonably anticipated applying for **some type of** medical assistance in the future, **even if she did not specifically know about Medicaid.** Thus, I am unable to find, by a preponderance of the evidence that the transfer was not made in part for the purpose of establishing eligibility for medical benefits."

(Boldface in original.)

On review, claimant advances essentially two contentions in arguing that the ALJ erred in concluding that she failed to rebut the presumption that the transfer of her home occurred to establish her eligibility for Medicaid benefits. First, she contends that the ALJ erred in rejecting her contention that, because it is undisputed that she did not know about Medicaid benefits, she could not reasonably have known of a need for those benefits. Second, and in the alternative, claimant contends that the ALJ erred in rejecting her contention that she showed that she did not, in fact, transfer the house to create eligibility for Medicaid benefits. Specifically, claimant contends, the ALJ essentially conflated the two rebuttal criteria in concluding that, because she reasonably could have known of a need for benefits, she failed to establish that the transfer did not occur to create eligibility for such benefits. According to claimant, the ALJ's analysis of

that rebuttal factor renders it entirely redundant of the separate and independent rebuttal factor concerning her awareness of a need for benefits.

As we have noted, OAR 461-140-0242(4) describes four different ways that a claimant may rebut the presumption that a sale of a home for less than fair market value occurred merely to establish eligibility for Medicaid benefits. The four are separate and independent ways that a claimant may rebut the presumption. Said another way, if the claimant establishes *any one* of those four, the claimant has rebutted the presumption.

In this case, the claimant asserted that she had proved two of those four potential ways of rebutting the presumption. The first was that, "[a]t the time of transfer, the client could not reasonably have anticipated applying for medical assistance." OAR 461-140-0242(4)(b). The ALJ rejected claimant's reliance on that rebuttal criterion, finding that—given claimant's medical history of high cholesterol, severe lumbar stenosis, and past stroke—she had failed to prove that she could not reasonably have anticipated applying for medical assistance.

Whether the ALJ correctly determined that, based on the evidence in the record as a whole, claimant established that she could not reasonably have anticipated applying for medical assistance presents a question of fact, which we review for substantial evidence. ORS 183.482(8)(c). In this case, the ALJ relied on the facts that claimant's age and medical history were such that a reasonable person could have anticipated applying for medical assistance. In our view, the record supplies ample evidence to support the ALJ's findings in that regard. Arguing to the contrary, claimant first contests the ALJ's weighing of the evidence, in particular, the ALJ's failure to give adequate consideration to the family's plan to combine households to provide care for claimant and her medical needs. The argument, however, cannot be reconciled with our standard of review, which does not entail second-guessing the ALJ and reweighing the evidence. Claimant also contends that the ALJ failed to account for the fact that the evidence was undisputed that she did not, in

fact, know about Medicaid benefits. That argument, however, cannot be reconciled with the wording of the rebuttal criterion that claimant purports to have satisfied, namely, that she "could not reasonably have anticipated applying for medical assistance." OAR 461-140-0242(4)(b). The fact that she did not, in fact, anticipate applying for medical assistance is beside the point.

The second rebuttal criterion on which claimant relied in this case was that, "[b]ecause of other, similarly convincing circumstances, it appears more likely than not that the transfer was not made, in whole or in part, for the purpose of establishing or maintaining eligibility for benefits." OAR 461-140-0242(4)(d). The ALJ rejected claimant's reliance on that criterion, as well. The ALJ's explanation for that rejection warrants careful examination, however. As we have noted, the ALJ rejected claimant's reliance on that rebuttal criterion because,

> "given claimant's age, high cholesterol, severe lumbar stenosis, and history of stroke, claimant could have reasonably anticipated needing some type of medical care * * *. Therefore, *claimant could have reasonably anticipated applying for some type of medical assistance in the future, even if she did not specifically know about Medicaid. Thus, I am unable to find, by a preponderance of the evidence that the transfer was not made in part for the purpose of establishing eligibility for medical benefits.*"

(Boldface omitted; italics added.)

In other words, the ALJ found that, claimant having failed to prove the one exemption, it necessarily follows that she failed to prove the other. That reasoning cannot be squared with the wording of the administrative rule, which, as we have just noted, plainly sets out four rebuttal criteria, *any one of which* is sufficient to rebut the presumption described in OAR 461-140-0242(3). As claimant correctly observes, if the ALJ were correct in reading the rule in that fashion, the final rebuttal criteria would become meaningless surplusage. *See, e.g., ODOT v. City of Klamath Falls*, 177 Or App 1, 8, 34 P3d 667 (2001) (rejecting proposed reading of administrative rule that would render provisions meaningless).

The wording of each of the relevant rebuttal criteria bears that out. The first on which claimant relied requires proof as to whether the claimant reasonably could have known that she would require medical assistance. OAR 461-140-0242(4)(b). In contrast, the second requires proof that—whether or not she reasonably could have anticipated applying for medical assistance—there are *other, similarly convincing circumstances* that show that, more likely than not, the transfer was made for purposes other than establishing eligibility. OAR 461-140-0242(4)(d).

In this case, the ALJ failed to examine whether there were such "other, similarly convincing circumstances" showing that claimant met her burden under OAR 461-140-0242(4)(d). In particular, the ALJ failed to consider whether the evidence that claimant and her family planned the transfer of the home so that the two families could live together and so that claimant's grandson and his wife could care for her was sufficient to meet claimant's burden under the rule that they engaged in the transaction wholly for purposes other than establishing eligibility for Medicaid benefits. The ALJ therefore erroneously interpreted the applicable administrative rule, necessitating a remand for reconsideration under a correct interpretation of the rule. ORS 183.482(8)(c).

Reversed and remanded for reconsideration.